UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-24-CR-0644-LS |
| | § | |
| TIMOTHY FRANCE JOHNSON, | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S UNOPPOSED MOTION FOR DESIGNATION AS
COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS**

The United States of America, by and through the United States Attorney for the Western District of Texas, respectfully submits this Unopposed Motion for Designation as Complex Case and Tolling of Speedy Trial Provisions, and for cause would respectfully show this Honorable Court the following:

**I.
BACKGROUND/PROCEDURAL POSTURE**

On March 20, 2024, a federal grand jury sitting in the Western District of Texas, El Paso Division returned a ten-count indictment in the above entitled and numbered cause charging Defendant Timothy France Johnson ("Defendant") with violations of Title 18 U.S.C. §§ 1343 and 1957—wire fraud and engaging in monetary transactions in property derived from specified unlawful activity, respectively. The first docket call took place on May 2, 2024, before the Honorable U.S. Senior District Judge Frank Montalvo, and the case was subsequently transferred to U.S. District Judge Leon Schydlower on May 3, 2024. The case is currently scheduled for a second docket call on July 2, 2024.

This case involves tens of thousands of pages and/or items of discovery, including, but not

limited to, reports of investigation, emails, and financial records pertaining to dozens of alleged victims. Both parties, therefore, request that this case be designated as a complex case.

## II.
## ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counselor at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

(i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and

2

> (iii) Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would . . . deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

In this case, the Government seeks a designation of the case as "unusual and complex." The discovery is voluminous consisting of thousands of pages. It entails, among other things, reports of investigation, thousands of pages of bank and other financial records and other Electronically Stored Information (ESI). These documents and other items cover an approximate ten-year time period. Thus, under Fifth Circuit precedent, it would be within the Court's discretion to designate this case as a complex case, and in turn, the ends of justice would require a tolling of the Speedy Trial Act.

Alternatively, the Government submits the amount of discovery in this case requires further time for trial preparation both by the Government and defendants. It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case as a whole will take more than the 70-days allotted under the Speedy Trial Act.

The Government's request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v. Dota*, 33 f.,3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the

complexity of an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

The Government respectfully submits that a tolling of the Speedy Trial Act is appropriate in this case, based on the foregoing factors.

On June 28, 2024, the undersigned spoke with counsel for Mr. Johnson, and he indicated that he is not opposed to this motion designating the case as complex.

### III.
### CONCLUSION

WHEREFORE, premises considered, the Government respectfully requests that the Court grant its Motion in all respects and order the relief requested.

Dated July 1, 2024.

        Respectfully submitted,

        JAIME ESPARZA
        UNITED STATES ATTORNEY

By:   /s/ *Micaela L. Glass*
        MICAELA L. GLASS
        Assistant U.S. Attorney
        Texas Bar #24115343
        700 E. San Antonio, Suite 200
        El Paso, Texas 79901
        (915) 534-6884

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, and provided via email notification of such filing to:

      James O. Darnell, Sr.
      Attorney for Defendant
      Email: jdarnell@jdarnell.com

      /s/ *Micaela L. Glass*
      MICAELA L. GLASS
      Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-24-CR-0644-LS |
| § | |
| **TIMOTHY FRANCE JOHNSON,** § | |
| § | |
| Defendant. § | |

**ORDER ON GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE**
**CASE COMPLEX AND TO TOLL SPEEDY TRIAL PROVISIONS**

Came on this date to be considered the Government's Motion to Extend Government's Discovery Deadline and Motion for Designation as Complex Case and Tolling of Speedy Trial Provisions in the above entitled and numbered cause, and after considering the same, the Court is of the opinion that it should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice will be served by granting the continuance and such ends of justice outweigh the interests of the public and the defendant in a speedy trial, based on the following factors:

1. The issues and facts in this case are unusual and complex, and it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act; and

IT IS HEREBY ORDERED that the case is continued until the _____, 2024 docket call.

IT IS ORDERED that the time period between the filing of the Government's instant motion and the date set above for docket call is subject to exclusion under the provisions of Title 18, United States Code, section 3161(h)(7).

Signed this _____ day of _____, 2024.

_____
LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE